U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN 2 5 2010

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARK CLEETON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-133-A |
| | § | |
| DEANA LEE SCOTT, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
<u>and</u>
<u>ORDER</u>

Now before the court is the motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, filed in the above-captioned action by defendant, Deana Lee Scott. Plaintiff, Mark Cleeton, filed nothing in response. Having considered the motion, the pleadings, and the applicable legal authorities, the court concludes that the motion should be granted.

I.

<u>Plaintiff's Claims</u>

Plaintiff filed the instant action on February 25, 2010. In alleging a basis to invoke this court's jurisdiction, plaintiff contends that he has presented a controversy arising under the United States Bankruptcy Code, over which this court has jurisdiction pursuant to 28 U.S.C. § 1334(a).

As to the factual basis for the complaint, plaintiff alleges that he and defendant were married, and that defendant filed for divorce in October of 2002 in the state court of Shelby County, Illinois.  The divorce was final on November 4, 2003.  Plaintiff subsequently filed for bankruptcy on or about March 24, 2004, in the United States Bankruptcy Court in the Northern District of Texas, Fort Worth Division.  On his form Schedule A, filed as part of the bankruptcy, plaintiff listed two pieces of real property, one in Illinois and one in Texas.  Plaintiff also listed defendant as an unsecured creditor in order to discharge his obligation to her as to the Texas property in the amount of $74,674.00.  Plaintiff was discharged from bankruptcy on July 15, 2004.

Defendant also filed for bankruptcy in August 2004.  In her bankruptcy, defendant listed as real property a one-half interest each in the Illinois and Texas properties.  Defendant was discharged from bankruptcy in November 2004.

A Judgment of Dissolution of Marriage (Second Part) ("Judgment") was filed July 11, 2006, which awarded plaintiff the Texas property and awarded defendant the Illinois property, $45,411.59 as her portion of plaintiff's 401K, and $27,000 equity to be secured by a second mortgage on the Texas property.

Although plaintiff contends that the debt from the 401K was discharged in bankruptcy, the Judgment stated that the $27,000 and payment from the 401K could not be so discharged, as they were in the nature of a property settlement.

On March 20, 2008, defendant filed a petition to modify the Judgment and a petition for civil contempt. The petition to modify requested that plaintiff give defendant a lien on the Texas property. Plaintiff complied by signing a second deed of trust, although he claims he did so under duress. On September 9, 2008, the Illinois state court signed an order finalizing some issues between the parties, including payment of the $27,000 previously awarded to defendant in the Judgment, plus an additional $5,350. Plaintiff contends that the matter of distribution of the property is now pending before the Illinois court.

Plaintiff's only claim and cause of action is for declaratory judgment pursuant to 28 U.S.C. § 2201. Plaintiff seeks a declaration that:

> any debt equity on the Texas property and/or his 401K plan that was anticipated as a result of the divorce between [plaintiff] and [defendant], was discharged in bankruptcy and that the Illinois Courts nor any of the attorneys in the State proceeding, may assert a claim of jurisdiction over the Texas property or the 401K[;] . . . any debt owed to [defendant] and listed in

3

Plaintiff's bankruptcy was discharged and must <u>not</u> now
be considered in the state Court[;] . . . that the lien
placed on the Texas property is void as a matter of
law[;] . . . [and] that with respect to any debt on the
Texas property or 401K is 'res judicata.'

Compl. at 5-6.  Plaintiff also seeks to recover his costs and

attorney's fees.

II.

## The Motion to Dismiss

Defendant contends that plaintiff has failed to properly

assert this court's jurisdiction under the Declaratory Judgment

Act, because plaintiff has asserted no claims for affirmative

relief.  Rather, plaintiff asserts only defenses to the

affirmative relief awarded to defendant in the Illinois court as

a consequence of the parties' divorce.  Accordingly, defendant

argues that plaintiff has failed to establish the court's subject

matter jurisdiction over this action.

II.

## Applicable Legal Principles

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure,

a case is properly dismissed when the court "lacks the statutory

or constitutional power to adjudicate the case."  <u>Home Builders</u>

<u>Ass'n of Miss., Inc. v. City of Madison, Miss.</u>, 143 F.3d 1006,

1010 (5th Cir. 1998) (citations omitted).  When confronted with a

challenge to its jurisdiction, the court has broad power to weigh

the evidence and satisfy itself that it has jurisdiction to hear

the case.  Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir.

1981).  When a defendant challenges the plaintiff's

jurisdictional allegations, "the plaintiff constantly bears the

burden of proof that jurisdiction does in fact exist."  Ramming

v. United States, 281 F.3d 158, 161 (5th Cir. 2001); Menchaca v.

Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).

III.

Analysis

The Supreme Court has explained that

> the operation of the Declaratory Judgment Act is
> procedural only. . . . Congress enlarged the range of
> remedies available in the federal courts but did not
> extend their jurisdiction.  When concerned as we are
> with the power of the inferior federal courts to
> entertain litigation within the restricted area to
> which the Constitution and Acts of Congress confine
> them, 'jurisdiction' means the kinds of issues which
> give right of entrance to federal courts.

Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463

U.S. 1, 15 (1983) (internal citations omitted).  Thus, the

Declaratory Judgment Act fails to provide an independent basis of

federal jurisdiction, but instead presumes the existence of a

judicially remediable right.  Schilling v. Rogers, 363 U.S. 666,

677 (1960).  Where the plaintiff in a declaratory judgment action

5

asserts a federal claim only as a defense to a state court action, the court lacks jurisdiction over the claims.  <u>Franchise Tax Bd.</u>, 463 U.S. at 16 & n. 14.

Applying the above principles to the instant action, it becomes clear that plaintiff has failed to adequately establish this court's subject matter jurisdiction.  Nothing in the complaint seeks affirmative relief or asserts a federal claim or cause of action aside from the request for declaratory relief.  Although the complaint maintains that it raises a claim under the United States Bankruptcy Code, a review of the complaint leads to the conclusion that plaintiff seeks to use the prior bankruptcy proceedings as a defense to the state court proceedings concerning distribution of the parties' marital property.  Thus, the purported declaratory relief sought by plaintiff is more in the nature of a defense to the Illinois state court action rather than an assertion of a federal question, and fails to invoke the court's jurisdiction.  Plaintiff continually bears the burden to establish this court's subject matter jurisdiction; plaintiff has failed to carry his burden in the instant action.

IV.

Order

Therefore,

The court ORDERS that the motion to dismiss for lack of subject matter jurisdiction be, and is hereby, granted, and that all claims and causes of action brought by plaintiff, Mark Cleeton, against defendant, Deana Lee Scott, be, and are hereby, dismissed for lack of subject matter jurisdiction.

SIGNED June 25, 2010.

_____
JOHN McBRYDE
United States District Judge